## DARLING *et al.* v. HAYLES *et al.*

The court did not err in overruling the demurrers to the petition.

No. 5226. MAY 21, 1926.

Equitable petition. Before Judge Humphries. Fulton superior court. November 17, 1925.

Sidney J. Hayles filed his petition against the Darling Motor Company, H. B. Darling, H. B. Darling Incorporated, and the Citizens & Southern Bank, in behalf of himself and any other person interested in the distribution of the assets of the Darling Motor Company who may become parties, and alleged in substance the following: The Darling Motor Co. is a corporation under the laws of Georgia, having its principal office in Fulton County, Georgia, and officers and agents in said county on whom process may be served. H. B. Darling is a resident of Floyd County, Georgia. H. B. Darling Inc. is a corporation under the laws of Georgia, having its principal place of business in Floyd County, Georgia. The Citizens & Southern Bank is a corporation under the laws of Georgia, having officers and agents in Fulton County, Georgia, on whom service may be perfected. The Darling Motor Co. was formerly engaged in business at Buckhead, Fulton County, Georgia, and is indebted to plaintiff in the sum of $412.50 principal, with interest from July 31, 1923, for which amount judgment has been rendered by the municipal court of Atlanta in favor of plaintiff. Prior to the last week in July, 1923, the Darling Motor Co. was possessed of assets worth between fifteen and twenty thousand dollars, consisting of machinery, shop equipment, furniture and fixtures, automobile parts, accessories, used cars, open accounts and notes. During the last week in July, 1923, H. B. Darling, president of the Darling Motor Co., shipped to H. B. Darling Inc. practically all the machinery, shop equipment, furniture and fixtures, parts and accessories, belonging to

the Darling Motor Co., and charged H. B. Darling Inc. therewith at a valuation of $8,348.32. The pretended sale of practically all of the assets of the Darling Motor Co. was made by H. B. Darling as agent for the Darling Motor Co. to H. B. Darling Inc., for which purchaser H. B. Darling was also the agent in the transaction. The sale was made without the approval, consent, or knowledge of any of the stockholders in the Darling Motor Co., or its directors, and it has never been ratified or confirmed by either. The machinery, etc., delivered to H. B. Darling Inc. by H. B. Darling, as president of the Darling Motor Co., was worth a sum largely in excess of that which H. B. Darling Inc. was charged upon the books of the Darling Motor Co., to wit, ten to twelve thousand dollars. Although the sale constituted practically all the assets of the Darling Motor Co. it was made without any notice to the creditors of the Darling Motor Co., as required by the laws of Georgia in cases of sales in bulk. By reason of these facts the sale as to plaintiff and others holding claims against the Darling Motor Co. was fraudulent, illegal, and void. At the time of the sale and delivery of practically all the tangible assets of the Darling Motor Co. to H. B. Darling Inc., H. B. Darling retained unto himself certain notes and accounts belonging to the Darling Motor Co. After the Darling Motor Co. was thus stripped of all its assets the business of the corporation was abandoned, and there has been no person in charge of its affairs for the purpose of protecting the rights and interests of its creditors. At the time of the pretended sale there was a large amount of indebtedness against the motor company, upon a part of which H. B. Darling was personally liable on account of his indorsement of the notes of the Darling Motor Co.; and if anything has been paid by H. B. Darling Inc., or upon the notes and accounts, the same has either been retained by H. B. Darling, or has been applied to the payment of notes on which he was indorser, for the purpose of relieving him of his personal liability; and such payments were made and intended to create a preference in favor of H. B. Darling as a creditor of the Darling Motor Co., and were therefore fraudulent and void. Plaintiff has no means of ascertaining what sums have been collected by H. B. Darling on the open accounts of H. B. Darling Inc., or other debtors of the Darling Motor Co., for that company, or what amounts have been paid out by Darling on the

indebtedness existing against the Darling Motor Co.; but plaintiff is informed that large sums have been collected, and where paid out have been paid as set forth above. The Darling Motor Co. is entirely without tangible assets. H. B. Darling is insolvent and could not respond to any judgment against him on account of collections made for the Darling Motor Co. The Citizens & Southern Bank has in its possession notes belonging to the Darling Motor Co. and to H. B. Darling, the proceeds whereof should be impounded by the court for the benefit of the creditors of the Darling Motor Co.; but unless a court of equity intervenes by injunction, the proceeds will be turned over to H. B. Darling and thus be rendered inaccessible to the creditors. Plaintiff has no adequate remedy at law, and will sustain a loss of his entire claim against the Darling Motor Co. unless a court of equity intervenes to marshal the equitable assets of the company and to order the distribution of the assets according to equity. Waiving discovery, the plaintiff prays that the sale made by the Darling Motor Co. through H. B. Darling, to H. B. Darling Inc., be decreed to be fraudulent, null, and void as to the creditors of the Darling Motor Co.; that H. B. Darling Inc. be required to account for the true value of all property turned over to it by the Darling Motor Co. under the fraudulent sale; that H. B. Darling be required to account for all collections made by him for the Darling Motor Co., whether upon open accounts, notes, or otherwise; that all payments made by H. B. Darling to H. B. Darling Inc. to the credit of the Darling Motor Co., whereby H. B. Darling realized a preference over plaintiff and other creditors similarly situated, be decreed to be fraudulent and void to the extent that such preference was created; that a receiver be appointed to marshal the assets of the Darling Motor Co. and distribute the same under the order of court; that the Citizens & Southern Bank be restrained and enjoined from turning over to any person other than the receiver, either the notes of the Darling Motor Co. and H. B. Darling, or the proceeds of the notes; that plaintiff and such other creditors of the Darling Motor Co. as may become parties hereto have such other and further relief as to the court may seem meet and proper; that process issue, etc.

Arthur Lucas filed his intervention alleging, that, by reason of

the fact that he guaranteed a note for the Darling Motor Co. at the Citizens & Southern Bank, and has had to pay the bank the sum of $2,445.77 by reason of the guaranty, the Darling Motor Co. is indebted to him in said amount with interest; and he prayed that he be made a party plaintiff. By order of the court he was so made.

Demurrers both general and special were filed by Henry Darling Inc., and by the Darling Motor Co. and H. B. Darling; all of which demurrers were by the court overruled, and the defendants excepted.

*L. H. Covington* and *J. Mallory Hunt,* for plaintiffs in error.

HILL, J. (After stating the foregoing facts.) It is contended that the court erred in overruling the demurrer to the petition, for the reason that the plaintiff has a full, adequate, and complete remedy at law, and therefore that the demurrers raising this question should have been sustained and the petition dismissed. This contention is untenable. The petition was filed by the plaintiff not only on his own behalf, but also on behalf of such other creditors as may join with him. By intervention at least one other creditor has intervened and been made a party plaintiff to the case, and thus a multiplicity of suits may be avoided. It is contended, however, that the intervenor only prayed for judgment for the amount claimed to be due him, and that he did not adopt the allegations or prayers of the plaintiff as his own. But it appears that no demurrer was filed to the intervention; and if the allegations were insufficient, they should have been met by demurrer; and the court having allowed the intervenor to be made a party, and no exception having been taken to such judgment, it became the law of the case. According to the allegations of the petition, we are of the opinion that the plaintiff has no adequate remedy at law; and where *it is necessary in order to give complete relief,* a court of equity will entertain jurisdiction for that purpose.        *Judgment affirmed. All the Justices concur.*